# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SONIA LARMOND,

      **Plaintiff,**

v.                                                                 **Case No: 6:18-cv-1003-Orl-31GJK**

OSCEOLA REGIONAL HOSPITAL, INC.,

      **Defendant.**

## ORDER

### I. Background

The Plaintiff is a black female who has worked as a registered nurse at Osceola Regional Medical Center since 2008. Gloria Carmona, a Hispanic female, is her supervisor as the manager of critical care services at Osceola Regional. Lisa Frey, a white female, is the critical care director and is also in a supervisory role over the Plaintiff. "[O]n several occasions," the Plaintiff worked as a relief charge nurse in the critical care unit. Doc. 32 at 2. The relief charge nurse position was filled by different nurses at different times, but at the time in question, all of the relief charge nurses were competing for the full-time charge nurse position. In October of 2017, after the Plaintiff refused to accept the care of third patient, Frey informed the Plaintiff that she would no longer be working as a relief charge nurse. This removed her from consideration for the charge nurse position, which was given to a white female instead. The Plaintiff later filed charges with the EEOC, and ultimately, a Complaint alleging discrimination (Counts I and III) and retaliation (Counts II and IV) in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act ("FCRA").

## II. Legal Standards

### A. Summary Judgment

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). The Court must consider all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

### B. Discrimination and Retaliation under Title VII and the FCRA[1]

Title VII forbids employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). If there is no direct evidence of a violation, discrimination under Title VII can be established under the *McDonnell Douglas* burden-shifting framework. A prima facie case is established when a plaintiff sufficiently alleges that "(1)

---

[1] Florida courts have held that decisions construing Title VII are applicable when considering claims under the FCRA. *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). As such, the Court will not separately discuss the Plaintiff's FCRA claims.

[he] is a member of a protected class; (2) [he] was subjected to adverse employment action; (3) [his] employer treated similarly situated employees more favorably; and (4) [he] was qualified to do the job." *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (quoting *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000)) (internal quotation marks omitted). "If the plaintiff succeeds in making out a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1221 (11th Cir. 2019). If the defendant successfully articulates a legitimate, nondiscriminatory reason, "the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination, an obligation that 'merges with the [plaintiff's] ultimate burden of persuading the [factfinder] that she has been the victim of intentional discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

The *McDonnell Douglas* burden-shifting analysis applies in cases of retaliation relying on circumstantial evidence. *Bryant v. Jones*, 575 F.3d 1281, 1307 (11th Cir. 2009). To establish a prima facie case for retaliation, a plaintiff must show that "(1) he engaged in statutorily protected activity, (2) he suffered a materially adverse action, and (3) there is a causal relationship between the two." *Schiele v. S. E. Showclubs, LLC*, No. 8:16cv-02308–JSM–MAP, 2017 WL 2834779, at *2 (M.D. Fla. June 30, 2017) (citing *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010) ).

### III. Analysis

#### A. Race Discrimination: Counts I and III

##### 1. Adverse Employment Action

It is undisputed that the Plaintiff is a member of a protected class. Thus, the Court first analyzes whether the Plaintiff has made a prima facie showing that there was an adverse employment action. The Plaintiff alleges several adverse employment actions, including denial of

her requests for lateral transfer and failure to get time off during the holidays, but only attempts to establish a prima facie case for one such action: her removal as relief nurse and the impact of that removal, which she claims prevented her from being promoted to the charge nurse position.

The Plaintiff testified that, while they later had two charge nurses in her unit, they previously only had one charge nurse. Doc. 31-1 at 19. At that time, the unit needed the relief charge nurse position. *Id.* The Plaintiff testified that the relief charge had its own job description that was the same as that of a charge nurse. Doc. 31-1 at 20. The relief charge nurse essentially functioned as a substitute for times when the charge nurse was not working. So, if the charge nurse worked five days out of the week, the relief charge nurse would work the other two. *Id.* at 21. Thus, if they had a second charge—the role Stacey Russo eventually filled—there was no need for a relief charge. *Id.* At one point, in the Plaintiff's unit, two charge nurses were needed. *Id.* at 22. Gloria Carmona decided that everyone "interested in that [position] could act as relief charge." *Id.* While acting as relief charge, the Plaintiff refused to take on a third patient, citing safety issues and her migraines as a complicating factor. *Id.* at 22-23. After that, the Plaintiff was no longer permitted to act in the relief charge role. *Id.* at 23.

The Plaintiff explained that, in the past, promotion decisions had been made based on experience and seniority, and that of the people competing for the charge nurse position by acting as relief charges, she had the most seniority. Doc. 31-1 at 31-32. The Plaintiff had twenty years of ICU experience, and Russo had only been an RN for two years. *Id.* at 32. Because the relief charge position was being used to determine who would be the charge nurse, removal from the relief charge position rendered her ineligible for the charge nurse promotion. *Id.*

The Defendant points out the minimal pay change between relief charge nurse and staff registered nurse: one dollar per hour. But showing a significant loss in compensation is not the only

means of showing an adverse employment action. There is evidence that the relief charge nurse was a leadership role with different responsibilities than the standard registered nurse position, and that the Plaintiff's experience and role as relief charge nurse put her on track to be considered for the charge nurse position. Accordingly, the Plaintiff has shown that she suffered at least one adverse employment action: her removal from the relief charge nurse position.

### 2. Favorable Treatment of Similarly Situated Employees

The Supreme Court has made clear that, for purposes of the *McDonnell Douglas* framework, comparators need not be identical; it is enough that they are "similarly situated in all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1226 (11th Cir. 2019). There is evidence that Stacey Russo, a less senior nurse who the Plaintiff describes as a white female, was given the position of charge nurse instead of the Plaintiff. Doc. 28-1 at 50. However, the Plaintiff does not explain or cite record evidence as to why Russo is similarly situated in all material respects. Instead, the Plaintiff simply states that "Ms. Russo is a white female with less seniority than [the Plaintiff]." Doc. 32 at 15. The Plaintiff acknowledges that "Ms. Russo does not have the same personality traits and record of misconduct that the Defendant asserts [the Plaintiff] possesses." *Id.* Russo's lack of experience is a material factor, to be sure, but here, it is not enough by itself to make a prima facie showing that they were similarly situated in all material aspects. Russo's conduct and evaluations are likely more material than experience, since the position in question is a leadership role. But the Plaintiff cites to no record evidence related to Russo's conduct or evaluation record. There is no showing here that there was favorable treatment of similarly situated employees. Accordingly, the Plaintiff has failed to establish a prima facie case under *McDonnell Douglas*, and the Defendant is entitled to summary judgment on Counts I and III.

### B. Retaliation: Counts II and IV

The Plaintiff contends that, after she filed an EEOC charge, her employer retaliated against her by removing her from the relief charge position. The Defendant argues that there is insufficient temporal proximity to infer a causal connection between the Plaintiff's protected activity and the alleged materially adverse action. The Plaintiff "filed her charge of discrimination with the EEOC on September 19, 2016." Doc. 32 at 17. According to the Plaintiff, she was removed from her position as relief charge nurse more than a year later when she refused care of a third patient in October of 2017. Doc. 32 at 2. However, the Plaintiff also says that the Defendant received a perfected EEOC charge on December 16, 2017,[2] which it describes as "12 days before [the Plaintiff] was accused of wrongfully failing to assume the care of a third patient." Doc. 32 at 18. The Plaintiff makes no other arguments and cites to no record evidence that explains this discrepancy. The Plaintiff has failed to establish temporal proximity, and the Defendant is entitled to summary judgment on Counts II and IV.

### IV. Conclusion

For the foregoing reasons, it is hereby ordered that the Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED**. The clerk is **DIRECTED** to enter judgment in favor of the Defendant.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 7, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[2] The Plaintiff does not explain why the perfected charge, rather than the original charge, should serve as a relevant date for evaluating temporal proximity.

Copies furnished to:

Counsel of Record
Unrepresented Party