# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SONIA LARMOND,**

                    **Plaintiffs,**

**v.**                                  **Case No:  6:18-cv-1003-Orl-31GJK**

**OSCEOLA REGIONAL HOSPITAL,
INC., a Florida corporation d/b/a
OSCEOLA REGIONAL MEDICAL
CENTER,**

                    **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO TAX COSTS AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 39)** |
| **FILED:** | **August 20, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.**

On August 8, 2019, a judgment was entered in favor of Defendant after the Court granted summary judgment in Defendant's favor.  Doc. No. 38.  On August 20, 2019, Defendant filed a motion to tax costs (the "Motion").  Doc. No. 40.  Defendant seek costs for service of process, deposition transcript costs, and copies totaling $3,282.97 which include:

| | |
|---|---|
| Service of Process | $319.00 |
| Transcripts | $2,558.75 |
| Copies | $405.22 |

Doc. Nos. 39; 39-1 to 39-4.  Defendant claims it incurred costs for deposition transcripts and copies which were required for use in the case, in part for Defendant's motion for summary judgment. Doc. No. 39 at 3-4.   On September 9, 2019, Plaintiff filed a response to the Motion ("Response"). Doc. No. 42.   In her Response, Plaintiff argues that Defendant has double-billed for serving a subpoena on Dr. Villalobos.  Doc. No. 42 at 2.  Plaintiff argues that the costs for depositions are approximately half of Plaintiff's gross monthly salary and awarding these costs would place an undue financial burden on Plaintiff.  Doc. No. 42 at 2.  Plaintiff argues that Defendant fails to itemize what documents were copied so it has not demonstrated that the copies were necessarily obtained for the case.  Doc. No. 42 at 2-3.  Finally, Plaintiff argues that the $300.00 expended by Defendant to obtain copies of Plaintiff's tax returns was unnecessary because Defendant was Plaintiff's employer and had access to Plaintiff's payroll information and Plaintiff claimed no other loss of income.  Doc. No. 42 at 3.

Generally, a prevailing party may tax costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920.  Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs.  Section 1920 specifies which costs are recoverable, and provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under § 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

*Id.* The court has limited discretion in awarding costs, and is permitted to tax only those items specified in § 1920, unless authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  Costs for copying documents necessarily obtained for use in the case are taxable. 28 U.S.C. § 1920(4).

When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). However, the party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000).  "To recover photocopy expenses, the prevailing party must provide adequate documentation that the copies were reasonable and necessarily intended for use in the case.  A conclusory claim that the documents were necessary is insufficient to permit recovery."  *Perez v. Saks Fifth Ave., Inc.*, No. 07-21794-CIV, 2011 U.S. Dist. LEXIS 161504, at *26 (S.D. Fla. Feb. 14, 2011) (citing *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340-41 (M.D. Fla. 2002)).

While a court may consider a non-prevailing party's financial status, it need not do so. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).  If a non-prevailing party's financial status is considered, substantial documentation of a *true* inability to pay is required.  *Id.*  "[T]here must be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered."  *J.L.B. v. Walt Disney Parks & Resorts US, Inc.*, No. 6:14-cv-1943, 2017 U.S. Dist. LEXIS 112188, at *9 (M.D. Fla. Jul. 19, 2017).  Despite citing *Chapman* as authority to

reduce the transcript costs claimed, Plaintiff fails to offer anything other than a statement that an award of the claimed deposition transcript costs amounts to "approximately half of Plaintiff's gross monthly salary of approximately $5,250.00." Doc. No. 42 at 2. There is no discussion of her assets, other financial support, or her monthly expenses – essentially there is no discussion of her financial circumstances. Doc. No. 42. Thus, the only evidence of Plaintiff's ability to pay is that she is employed and earns approximately $63,000.00 annually from her job as a staff nurse. Doc. No. 42. Plaintiff has failed to demonstrate a true inability to pay or dire financial circumstances that might support a reduction in costs. *See Zainulabeddin v. Univ. of S. Fla. Bd. of Trs.*, No. 8:16-cv-6372017 U.S. Dist. LEXIS 76260, at *6-7 (M.D. Fla. May 19, 2017) (where plaintiff received $2,900 per month in financial aid to pay living expenses no reduction in costs award); *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-cv-298, 2014 U.S. Dist. LEXIS 197215, at *23-24 (M.D. Fla. Apr. 3, 2014).

Based on the Court's review of the costs claimed, the Court finds that the costs claimed by Defendant are generally taxable pursuant to 28 U.S.C. § 1920. Defendant provided documentation for all service attempts on Dr. Villalobos, and the additional service fees relate to attempts to effect service. Defendant provides reasonable explanations and documentation to support its claim for deposition transcript fees and exhibit copies. However, Defendant seeks reimbursement for court reporter appearance fees totaling $355.00 that are not listed in section 1920. *Shire Dev., LLC v. Mylan Pharms., Inc.*, 2018 U.S. Dist. LEXIS at *12 (M.D. Nov. 9, 2018) (citing *Moore*, 2014 U.S. Dist. LEXIS 197215, at *5-6) (appearance fees no longer included after the 2008 amendment to section 1920(2)). Also, Defendant fails to support its claim for condensed transcripts in addition to regular transcripts. Those costs total $60.00. Further, Defendant fails to provide more than a conclusory claim for the $69.80 in internal copying costs, $35.42 for copy costs from Florida

Hospital, and $300 from the IRS.  Doc. No. 39 at 4. Therefore, it is recommended that these enumerated expenses not be included in the cost award.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 39) be **GRANTED in part** and **DENIED in part** as follows:

1.     Defendant be awarded costs of $2,462.75; and

2.     The remainder of the Motion be **DENIED.**

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** in Orlando, Florida, on October 7, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -